

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMADA AMERICA, INC., a California corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PRECISION AMERICAN METALS, LLC.,<br>An Illinois Limited Liability Corporation, and<br>JOHN M. MAZUREK and PAMELA F.<br>MAZUREK, individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   08 C 1706<br>)<br>)   No. ~~07 C 4177~~<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### CONFESSION OF JUDGMENT ORDER

    This matter coming to be heard on Amada America, Inc.'s Motion for Entry of Confession of Judgment Order. Notice having been waived by the Defendants, American Metals, LLC., John M. Mazurek, an individual, and Pamela F. Mazurek, an individual, and the Court having been fully advised it is Ordered:

1.    Pursuant to the Settlement Agreement and Release (the "Settlement Agreement") executed as of December 5, 2007, the Parties have agreed to the entry of this Confession of Judgment Order upon default by the Defendants. A copy of the Settlement Agreement is attached hereto and filed with this Order;

2.    The Court finds that, pursuant to paragraph 9 of the Settlement Agreement, Defendants are jointly and severally liable for the amount of this Confession of Judgment Order;

3.    The Court finds that, pursuant to paragraph 12 of the Settlement Agreement, Defendants waived notice of Amada America, Inc.'s Motion for Entry of Confession of Judgment Order;

4.    The Court finds that pursuant to paragraph 13 of the Settlement Agreement, Defendants appointed the law firm of Connelly Roberts & McGivney LLC, or their designee, as their attorneys for the purpose of the entry of this Confession of Judgment Order and that Defendants have waived any and all conflicts relating thereto;

5.    The Court finds that, pursuant to paragraph 13 of the Settlement Agreement, Defendants waived and agreed to forego any appeal rights related to this

Confession of Judgment Order and, in addition, Defendants waived and agreed to forego any and all affirmative defenses, bars to enforcement, claims of estoppel, or any other matter which could act as a defense to any proceeding relating to the entry of this Confession of Judgment Order and/or any matters relating to the enforcement of this Confession of Judgment Order, or supplemental proceeding thereon.

6. The Court, having reviewed and accepted the affidavit of counsel as to Defendants' default under the terms of the Settlement Agreement, the amount previously paid by Defendants under the terms of the Settlement Agreement and attorneys fees incurred by Amada America, Inc., hereby enters judgment against Defendants, American Metals, LLC., John M. Mazurek, and Pamela F. Mazurek, jointly and severally, in the amount of $1,413,446.08.

7. This is a final Order. The Court finds no just reason to delay its enforcement.

ENTERED: 4-4-08

JUDGE: Charles R. Norgle

Matthew P. Connelly
Cory D. Anderson
Connelly Roberts & McGivney LLC
55 West Monroe Street, Suite 1700
Chicago, Illinois 60603
(312) 251-9600 – Phone
(312) 251-9601 - Fax

2

### Settlement Agreement and Release

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into as of the 5th day of December, 2007 (the "Effective Date"), by and between Amada America, Inc., a California Corporation ("Amada"), Precision American Metals, LLC, an Illinois limited liability Corporation ("Precision") and John M. Mazurek and Pamela F. Mazurek, individually (the "Mazurek's"). Collectively, Precision and the Mazurek's are referred to as the "Defendants". Amada, Precision and the Mazurek's are jointly referred to as the "Parties".

**Parties and Recitals:**

1. Amada is a corporation specializing in the manufacture and sale of machine tools to the fabrication industry, with its headquarters and principle place of business at 7025 Firestone Blvd. in the city of Buena Park, California.

2. Precision is an Illinois limited liability corporation, with its headquarters and principle place of business at 1050 Kingsland Dr., in the village of Batavia, Kane County, Illinois.

3. The Mazurek's are residents of the village of St. Charles, Kane County, Illinois and are principals of Precision.

4. In July of 2006, Precision executed seven separate Equipment Purchase and Security Agreements (the "Purchase Agreements"), for the purpose of procuring a number of specialized machines from Amada. The Purchase Agreements were numbered as follows:

   a. Agreement Number 14744, to purchase a Tool Grinder from Amada for the total cash purchase price of $21,600.00;

   b. Agreement Number 14546, to purchase a Spot Welder from Amada for the total cash purchase price of $32,000.00;

   c. Agreement Number 14738, to purchase a Software Package from Amada for the total cash purchase price of $89,880.00;

   d. Agreement Number 14550, to purchase an Inspection Machine from Amada for the total cash purchase price of $66,500.00;

   e. Agreement Number 14742, to purchase a Manipulator System from Amada for the total cash purchase price of $121,000.00;

   f. Agreement Number 14740, to purchase a Turret Punch Press, with Tooling Package and Scrap Conveyor, from Amada for the total cash purchase price of $380,820.00;

1


EXHIBIT B

    g. Agreement Number 14741, to purchase a Robotic Press Brake with Tooling Package from Amada for the total cash purchase price of $668,000.00.

5. The total value of the Purchase Agreements, less cash down payments and plus interest accrued thereon, is $1,399,955.20.

6. The Mazurek's individually executed a document entitled "Unconditional Continuing Guaranty". That Guaranty provides, in pertinent part, that the Mazurek's individually guaranty and promise to pay to Amada, on demand, any indebtedness of Precision.

7. None of the Purchase Agreements have been paid by Precision, or the Mazurek's. Amada has performed its obligations, in their entirety, under the terms of the Purchase Agreements.

8. As a result of Precision and the Mazurek's failure to tender payment under the Purchase Agreements, a dispute has arisen between Amada, Precision and the Mazurek's. Amada initiated a suit in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Amada America, Inc., v. Precision American Metals, LLC and John M. Mazurek and Pamela F. Mazurek*, Case no. 07 C 4177 (the "Lawsuit"). The Lawsuit seeks damages for the Defendants' failure to tender payment under the Purchase Agreements, as well prejudgment interest, costs and attorneys' fees. The claims of Amada in the Lawsuit are more fully detailed and defined within its Complaint, which is attached as Exhibit A. The Purchase Agreements and the Mazureks' executed "Unconditional Continuing Guaranty" documents are also attached as exhibits to the Complaint.

**Settlement Agreement:**

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

9. Amada agrees to accept the sum of $1,469,952.96 (the "Settlement Payment") in full satisfaction of all amounts which Amada claims to be owed to it by Defendants for the goods sold to them as alleged in the Lawsuit. This amount includes the current value of the Purchase Agreements plus prejudgment interest at the rate of 5%. Defendants shall be jointly and severally liable for the full satisfaction of the Settlement Payment.

10. The Settlement Payment shall be payable as follows:

    a. On November 28, 2007 Defendants tendered to Amada payment in the amount of $39,820.34 (the "First Installment"). Amada acknowledges receipt of the First Installment;

2

  b. The remaining amount due under this Settlement Agreement, or $1,430,132.62 shall be paid in monthly installments of $23,835.54 (the "Monthly Installments"), due on the 15th of each month and beginning on December 15, 2007. The Monthly Installments shall continue until the Settlement Payment is satisfied in full.

11. Upon receipt of the first Monthly Installment, Amada shall dismiss Defendants, with prejudice and without costs, from the Lawsuit.

Remedies:

12. If, for any reason, Defendants fail to make any payment enumerated in this Settlement Agreement within 7 (Seven) days of when such payment(s) become due (the "Event of Default"), Amada may initiate a proceeding against Defendants under this Settlement Agreement, under its common law or statutory rights, or both. Or, in the alternative, and at the sole discretion of Amada, in the Event of Default, Defendants consent to the entry of a Confession of Judgment Order, without notice, the form and content of such Confession of Judgment Order shall be consistent with the Confession of Judgment Order that is attached as Exhibit B. Such Confession of Judgment Order shall be filed in the United States District Court for the Northern District of Illinois, Eastern Division and shall be enforceable against Defendants jointly and severally. The Parties consent to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, for the purposes of the enforcement of this Settlement Agreement and for the entry of the Confession of Judgment Order.

13. For purposes of the Confession of Judgment Order, Defendants appoint the law firm of Connelly Roberts & McGivney LLC, or its designee, as attorneys in fact for Defendants to enter the Confession of Judgment Order and for the preparation of any motion required for the entry of such Order. For purposes of this Agreement, Defendants waive any conflict which may arise with Connelly Roberts & McGivney LLC with respect to the entry of the Confession of Judgment Order, in addition to waiving any appeal rights which may arise resulting from the entry of the Confession of Judgment Order. Defendants also waive and forego any affirmative defenses, bars to enforcement, claims of estoppel, or any other matter which could act as a defense to the proceeding relating to the entry of the Confession of Judgment Order and/or any matters relating to the enforcement of any such Confession of Judgment Order, or supplemental proceedings thereon.

14. Upon an Event of Default, Defendants shall be liable to Amada for the Settlement Payment, in full, plus attorneys' fees and costs, less any amounts paid by Defendants pursuant to this Settlement Agreement. At the time of the entry of the Confession of Judgment Order, Connelly Roberts & McGivney LLC shall provide the Court with an affidavit stating the amounts previously paid by Defendants pursuant to this Agreement and the attorneys' fees incurred by Amada.

3

**Release:**

15. In consideration of the Settlement Payment, the Parties hereby absolutely, irrevocably and unconditionally forever release and discharge each other and, where applicable, their parents, subsidiaries, affiliates and partners from and against any and all claims, liabilities, actions, causes of action, demands, judgments or damages of any and all kind or nature, whatsoever, that the Parties have or may have in the future, whether known or unknown, suspected or unsuspected, at law, in equity, or otherwise, against each other that have, or may, arise out of the Purchase Agreements, or are currently detailed in the Lawsuit. Notwithstanding anything contained in this Settlement Agreement to the contrary, this Settlement Agreement shall in no way affect the rights of Amada stated herein, nor shall it affect the rights of Amada to enforce the terms of this Settlement Agreement, also stated herein.

16. The Parties make the following representations and warranties to the other Parties hereto:

   a. *Authority to execute Settlement Agreement:* It is duly and validly organized and existing and in good standing under the laws of the state of its Organization and has full power and authority to execute, deliver and perform this Settlement Agreement and the documents and instruments to be executed and delivered by it pursuant to this Settlement Agreement. The execution, delivery and performance of this Settlement Agreement by it and each document and instrument to be executed and delivered by it pursuant to this Settlement Agreement have been duly authorized by all required action of the partners, shareholders and directors thereof and other persons whose consent may be required;

   b. *No Duress:* The Parties have executed and delivered, or shall execute and deliver, this Settlement Agreement and the other documents and instruments to be executed pursuant hereto, freely and voluntarily, with full knowledge and with the advice of independent legal counsel and without duress;

   c. *Signatory:* The person(s) executing this Settlement Agreement, whether individually, or on behalf of any Party enumerated herein, including each documents and instrument to be executed and delivered by such person, has the authority to do so on behalf of such party;

   d. *Independent Investigation:* The Parties have made such investigation of the facts pertaining to this Settlement Agreement, and to all of the matters pertaining thereto, as they deem necessary;

   e. *No Transfers:* The Parties have not conveyed, pledged, assigned or

4

otherwise transferred any claim which they might have against any other Party hereto.

17. There are no other agreements or representations, either oral or written, express or implied, relating to the subject matter hereof, that are not embodied in this Settlement Agreement. This Settlement Agreement represents a complete integration of all prior and contemporaneous agreements and understandings of the Parties relating to such subject matter, and that any such agreements, to the extent that they may exist, are hereby superseded by this Settlement Agreement. This Settlement Agreement and any other document referenced herein shall be interpreted in accordance with their fair meanings and shall not be more or less favorably construed with respect to any of the Parties.

18. This Settlement Agreement shall be binding upon the Parties and their respective successors and assigns and shall inure to the benefit of the Parties, and their respective successors and assigns. No other person or entity shall be, or is intended to be, a beneficiary under this Settlement Agreement.

19. This Settlement Agreement may be executed in counterparts and all of said counterparts, taken together, will be deemed to constitute one and the same instrument.

20. Any dispute which may arise under this Settlement Agreement shall be governed by the laws of the State of Illinois.

Executed as of the Effective Date.

By: Amada America, Inc.
Name: D. Kehrli, C.C.O.
Title: Chief Compliance Officer

By: Precision American Metals, LLC
Name: _____
Title: President

By: John M. Mazurek, individually
Name: _____

5

By: Pamela F. Mazurek, individually

Name: *Pamela A Mazurek*

6